## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:20-cv-236-WES-PAS ) |
| CVS HEALTH CORPORATION and CVS PHARMACY, INC., | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants CVS Pharmacy, Inc. ("CVS Pharmacy") and CVS Health Corporation ("CVS Health") ("Defendants"), by undersigned counsel, hereby answer Plaintiffs' Complaint ("Complaint"). Specifically, in response to the numbered paragraphs included in the Complaint, Defendants admit, deny, or otherwise respond to the allegations as set forth below. All allegations are denied unless expressly admitted, and an admission to a portion of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation.

As a threshold matter, the Complaint erroneously defines CVS Pharmacy, Inc. and CVS Health Corporation collectively by the undifferentiating term "CVS," even though the two companies are separate and distinct legal entities.  In addition, Defendant CVS Health Corporation is a holding company with no operations unrelated to its status as a holding company.  As such, unless otherwise noted, the Complaint's allegations of actions taken by "CVS" in connection with retail pharmacy operations could not possibly be true as to CVS Health Corporation and, therefore, are categorically denied.  (Most of the Complaint's

1

allegations are also untrue as to CVS Pharmacy, Inc. as well.)  Defendants include this preliminary reservation at the threshold of this Answer to eliminate any suggestion that "CVS," as defined by Plaintiffs in the Complaint, admits to something that could not apply to CVS Health Corporation.

* * *

Defendants' response to Plaintiffs' introductory Paragraph: Defendants admit only that Plaintiffs purport to bring claims against Defendants. However, Defendants deny that Plaintiffs have any valid claims against it or that Plaintiffs are entitled to the requested relief.  Defendants deny all other allegations in Plaintiffs' introductory Paragraph.

1.    Defendants deny the allegations in Paragraph 1.

2.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 2.

3.    Defendants deny the allegations in Paragraph 3, except they admit that CVS Pharmacy ran the HSP Program for a period of time and has accepted ScriptSave's VPS Card for a period of time.

4.    Defendants deny the allegations in Paragraph 4, except CVS Pharmacy admits that the HSP Program was (among other things) a tool CVS Pharmacy used to retain existing customers.

5.    The first sentence of Paragraph 5 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in the first sentence of the Paragraph.  Defendants deny the allegations in the second, third, and fourth sentences of Paragraph 5.

6.    Defendants deny the allegations in Paragraph 6.

7.      Defendants admits the allegations in Paragraph 7, insofar as they concern prescriptions dispensed at CVS pharmacies to a patient whose information is not already saved in CVS's claims processing system.  CVS lacks sufficient knowledge to admit or deny the allegations in the Paragraph as to prescriptions dispensed at other pharmacies.

8.      Defendants deny the allegations in Paragraph 8, except they admit that (1) "[a]djudication is the automated process by which CVS [pharmacies] submit[] prescription claims electronically in real time to third party payors, or . . . to middlemen known as Pharmacy Benefit Managers ('PBMs')"; (2) CVS Pharmacy can contract directly with either a third party payor or with a PBM; and (3) PBMs provide administrative and claims-processing services.  In addition, the final sentence of the Paragraph, which alleges what "CVS" is "required" to do, states a legal conclusion to which no response is required.

9.      Defendants admit the allegations in Paragraph 9.

10.     Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 10, which are vague and ambiguous.  In connection with the second sentence, Defendants admit that (1) CVS pharmacies receive reimbursement in an insured transaction from a PBM, the third-party payor, and/or the insured member and (2) CVS Pharmacy's contracts with PBMs and/or payors contain negotiated rates.  Defendants otherwise lack sufficient information to admit or deny the remaining allegations in the second sentence of Paragraph 10, which are vague and ambiguous.  Defendants deny all other allegations in Paragraph 10.

11.     Defendants lack sufficient knowledge to admit or deny the allegations in the first, second, and third sentences in Paragraph 11.  Defendants deny the allegations in the last sentence of Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12.

13.     Regarding the first and second sentences of Paragraph 13, Defendants lack sufficient knowledge to admit or deny the allegations.  Regarding the third sentence of the Paragraph, Defendants lack sufficient knowledge to admit or deny the allegations, as what constitutes "essential" is vague and ambiguous.  Regarding the fourth sentence of the Paragraph, Defendants admit that CVS Health Corporation reported for 2019 that 76.7% of total revenue came from its Retail/LTC segment and that its Retail/LTC segment had a generic dispensing rate of 88.3%.  Defendants deny all other allegations in Paragraph 13.

14.     Defendants deny the allegations of Paragraph 14.

15.     Regarding the first, third, fourth, and fifth sentences of Paragraph 15, Defendants admit only that HSP was an opt-in, membership-based generic drug program that required, *inter alia*, payment of an enrollment fee both initially and annually in order to receive HSP benefits; that the fee amount was $10/year from November 2008–2010 and $15/year starting in 2011; and that any person or pet could become a member upon satisfying the enrollment requirements. Defendants deny the allegations in the second, six, and seventh sentences.  Defendants deny all other allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17.

18.     Defendants admit that the HSP program ended February 1, 2016; individuals who were existing members of the HSP program at that time had the option of participating in ScriptSave's VPS Card program; and VPS Card is a third-party program redeemable at thousands of pharmacies across the United States (i.e., not just at CVS pharmacies) and offers potential savings on medicines.  Defendants deny all other allegations in Paragraph 18.

19.     Defendants admit that Plaintiffs claim to be seeking millions of dollars in damages.  Defendants otherwise deny the allegations in Paragraph 19, including that Plaintiffs were overcharged and are entitled to any relief in this case.

20.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 20.

21.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 21.

22.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 22.

23.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 23.

24.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 24.

25.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 25.

26.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 26.

27.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 27.

28.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 28.

29.     Defendants admits that CVS Health Corporation is a corporation organized under the laws of Delaware and headquartered at One CVS Drive, Woonsocket, Rhode Island, 02895.

CVS Health Corporation is a holding company and has no operations beyond its function as a holding company, such as issuing stock and filing reports with the Securities and Exchange Commission.

30.     Defendants admit that CVS Pharmacy, Inc. is a corporation organized under the laws of Rhode Island and headquartered at One CVS Drive, Woonsocket, Rhode Island, 02895. Defendants admit that CVS Pharmacy, Inc. is a wholly-owned subsidiary of CVS Health Corporation.

31.     Paragraph 31 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that 28 U.S.C. § 1332 is a basis alleged for subject matter jurisdiction in this suit; the two Defendants are organized under the laws of either Delaware or Rhode Island and are headquartered in Woonsocket, Rhode Island; and no Plaintiff alleges it is a citizen of Delaware or Rhode Island.  Defendants deny all other allegations in Paragraph 31.

32.     Paragraph 32 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that 28 U.S.C. § 1367 is a basis alleged for supplemental jurisdiction in this suit.  Defendants deny all other allegations in Paragraph 32.

33.     Paragraph 33 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit their headquarters are located in Rhode Island. Defendants deny all other allegations in Paragraph 33.

34.     Paragraph 34 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that their headquarters are located in Rhode Island.  Defendants deny all other allegations in Paragraph 34.

35.     Paragraph 35 purports to quote or paraphrase from CVS Health Corporation's 2019 Annual Report, which document speaks for itself; the Paragraph therefore requires no response.

36.     Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 36, which are vague and ambiguous ("most recognizable business segment").   The second and third sentences purport to quote or paraphrase from CVS Health Corporation's 2019 Annual Report, which document speaks for itself; the allegations in the second and third sentences therefore require no response.  Defendants deny all other allegations in Paragraph 36.

37.     Defendants deny the allegations in the first sentence of Paragraph 37.  The second sentence in Paragraph 37 purports to quote or paraphrase CVS Health Corporation's 2019 Annual Report, which document speaks for itself; therefore, no response to that sentence is required.  Defendants deny all other allegations in Paragraph 37.

38.     Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 38, which is vague and ambiguous ("vast majority").  The second and third sentences purport to quote or paraphrase CVS Health Corporation's 2019 Annual Report, which document speaks for itself; therefore, no response to those sentences is required. Defendants deny all other allegations in Paragraph 38.

39.     Defendants admit this action concerns, among other things, CVS Pharmacy's U&C pricing of generic drugs included on the HSP Program formulary.  Defendants deny all other allegations in Paragraph 39.

40.     Defendants admit that a generic drug is a pharmaceutical equivalent to its corresponding reference drug, often called a brand-name drug.  Paragraph 40 otherwise calls for

legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

41.    Defendants lack sufficient knowledge to confirm or deny the allegations in Paragraph 41, including the statistic attributed to IMS Institute for Healthcare Infomatics.

42.    Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 42, which are vague and ambiguous ("critical part").  The second and third sentences purport to quote or paraphrase CVS Health Corporation's 2019 Annual Report, which document speaks for itself; therefore, no response to those sentences is required. Defendants deny all other allegations in Paragraph 42.

43.    Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 43, which are vague and ambiguous ("counterintuitively").  The second and third sentences purport to quote or paraphrase CVS Health Corporation's 2019 Annual Report, which document speaks for itself; therefore, no response to those sentences is required. Defendants otherwise deny the allegations in Paragraph 43.

44.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 44, except Defendants deny that every "uninsured" customer that purchases a prescription is considered a cash-paying customer.

45.    Defendants admit that, to the extent Plaintiffs use a PBM to adjudicate their prescriptions, CVS Pharmacy's prescription processing system submits certain information electronically to Plaintiffs' PBMs.  What information exactly is submitted for a particular member's prescription can depend on the circumstances.  Defendants otherwise deny the allegations in Paragraph 45.

46.     Defendants admit that NCPDP is a standards-setting organization whose standards are utilized by, *inter alia*, the pharmacy and claims-processing industries; CVS pharmacies' systems have used NCPDP standards since at least November 2008; and NCPDP's Telecommunication Standard applies to the transmission of electronic pharmacy claims involving HIPAA-covered entities. Defendants deny all other allegations in Paragraph 46.

47.     Defendants admit (1) the allegations in the first sentence of Paragraph 47 of the Complaint except to the extent they are not legal conclusions; and (2) regarding the second sentence, that NCPDP's members include representatives from pharmacies, pharmacists, health plans, and government agencies.  To the extent the Paragraph asserts legal conclusions, whether in the first sentence, third sentence, or otherwise, no response is required to those assertions. Defendants deny all other allegations in Paragraph 47.

48.     The first and third sentences of Paragraph 48 assert legal conclusions to which no response is required, and 42 C.F.R. § 423.160 speaks for itself.  Regarding the second sentence, Defendants admit that NCPDP has developed various versions of NCPDP's Telecommunications Standard. Defendants deny the allegations in the final sentence of Paragraph 48, as well as all other allegations in the Paragraph.

49.     Defendants deny the allegations of Paragraph 49.

50.     Defendants admit that the NCPDP Data Dictionary definition of field 426-DQ ("Usual and Customary Charge") currently is "Amount charged cash customers for the prescription exclusive of sales tax or other amounts claimed."  To the extent Paragraph 50 purports to quote or paraphrase other, unidentified documents or statements from NCPDP, those documents or statements speak for themselves; therefore, no further response is required to any

other allegations in the first and second sentences of Paragraph 50. Defendants otherwise deny the allegations in Paragraph 50, including the allegations in the last sentence of the Paragraph.

51.     Defendants admit that PBMs provide a variety of services pertaining to prescription drug adjudication. Defendants otherwise deny the allegations of Paragraph 51.

52.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 52.

53.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 53.

54.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 54, except Defendants deny that a customer "paying out-of-pocket for the prescription" is necessarily a cash customer.

55.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56.

57.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 57.

58.     Defendants admit that (1) CVS Pharmacy sets its cash prices (and thus the U&C price) for CVS pharmacies; (2) CVS does not similarly set prices that are determined by contract (e.g., negotiated rates); and (3) thus one distinction between cash prices and negotiated prices is CVS's unilateral control or discretion to move its cash price up or down. Defendants otherwise deny the allegations in Paragraph 58.

59.     Defendants admit that CVS Pharmacy has periodically monitored the rate at which third-party claims are reimbursed at the U&C price, although the intervals at which that

rate has been monitored has not necessarily remained consistent over time. Defendants

otherwise deny the allegations in Paragraph 59.

60.      Defendants lack sufficient knowledge to admit or deny the allegations in the first

and second sentence of Paragraph 60, as what constitutes "essential" or "lucrative" is vague and

ambiguous. Concerning the third and fourth sentences, Defendants admit that Wal-Mart, in

2006, announced a program to charge in certain stores $4 for certain generic prescriptions but

denies Wal-Mart's program offered 90-day supplies at the time. Concerning the fifth and six

sentences, Defendants lack sufficient knowledge to admit or deny the allegations in those

sentences. Defendants deny any remaining allegations in Paragraph 60.

61.      Defendants lack sufficient knowledge to admit or deny the allegations in the first

sentence of Paragraph 61, as "critically" is vague and ambiguous. Defendants nonetheless admit

that it understood Walmart would be reporting its $4 retail price for 30 day supplies of certain

generic prescriptions as its U&C price. Defendants lack knowledge to admit or deny the

remaining allegations in Paragraph 61, except it admits that CVS Pharmacy, Inc. acquired

pharmacies in Target stores in or around 2015.

62.      Defendants deny the allegations in Paragraph 62. In addition, to the extent

Paragraph 62 purports to quote or paraphrase documents, no response is required because the

documents speak for themselves.

63.      Defendants deny the allegations in Paragraph 63, except it admits that CVS

Pharmacy offered a senior discount in certain geographic markets prior to 2014. In addition, to

the extent Paragraph 63 purports to quote or paraphrase documents, no response is required

because the documents speak for themselves.

64.    Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 64.   The second, third, fourth, and fifth sentences in the Paragraph purport to quote or paraphrase documents; therefore, no response is required, because the documents speak for themselves.  To the extent a response is required, Defendants deny all other allegations in those sentences in Paragraph 64.

65.    Defendants deny the allegations in Paragraph 65.  In addition, to the extent Paragraph 65 purports to quote or paraphrase documents, no response is required because the documents speak for themselves.

66.    Defendants deny the allegations in the first sentence of Paragraph 66, except CVS Pharmacy admits that certain individuals at Caremark were consulted at some points during the development phase of the HSP program.  Defendants lack sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 66, which are vague and ambiguous ("valuable knowledge").  Concerning the third sentence, Defendants admit that their understanding was that Caremark knew whether other companies with membership and non-membership generic drug programs were submitting the program prices as U&C prices to Caremark.  Defendants deny any other allegations in Paragraph 66.

67.    Defendants deny the allegations in Paragraph 67, except that they admit that (1) Kirby Bessant was employed for a time at Caremark; (2) Caremark adopted as its policy that prices charged in a pharmacy's membership program were not U&C prices after other pharmacies with membership programs had launched those programs and before CVS Pharmacy had launched its HSP Program; (3) lawyers representing CVS Pharmacy were consulted during the development of the HSP Program; and (4) CVS Pharmacy did not believe the HSP Program prices were its U&C prices under any contract or regulation.  In addition, to the extent Paragraph 67 purports to quote or paraphrase documents, no response is required because the documents speak for themselves.

68.     Paragraph 68 purports to quote or paraphrase documents; therefore, no response is required because the documents speak for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69.     Defendant denies the allegations in Paragraph 69.  In addition, to the extent Paragraph 69 purports to quote or paraphrase documents, no response is required because the documents speak for themselves.

70.     Defendants admit that in order to enroll in the HSP program, members had to pay an enrollment fee both initially and annually in order to receive HSP benefits; the fee amount was $10/year from November 2008–2010 and $15/year starting in 2011.  Defendants otherwise deny the allegations in Paragraph 70.  In addition, to the extent Paragraph 70 purports to quote and/or characterize documents, no response is required because the documents speak for themselves.

71.     Regarding the first sentence of Paragraph 71, Defendants admits that (1) CVS Pharmacy launched the HSP program nationwide in November 2008; (2) the program formulary included several hundred generic drugs, although drugs were added or removed over the course of the program; and (3) the price for a standard 90-day supply for most drugs on the HSP formulary was $9.99 from November 2008 through 2010 and $11.99 starting in 2011. Regarding the second sentence, Defendants lack sufficient knowledge to admit or deny whether the drugs on the HSP formulary were "the most commonly prescribed generic drugs," but it admits that drugs on the HSP formulary included treatments for, *inter alia*, cardiovascular, allergy, diabetes, pain, arthritis, cholesterol, skin conditions, mental health, women's health, viruses, thyroid, glaucoma, eye care, and gastrointestinal disorders.  Defendants deny all other allegations in Paragraph 71.

72.     Defendants deny the allegations in the first sentence; individuals had to complete the enrollment requirements (including paying the annual fee) in order to join the HSP Program. Regarding the second and third sentences, Defendants admit that HSP was an opt-in, membership-based generic drug program that required, *inter alia*, payment of an enrollment fee both initially and annually in order to receive HSP benefits; the fee amount was $10/year from November 2008–2010 and $15/year starting in 2011; the price for a standard 90-day supply for most medicines on the HSP formulary was $9.99 (November 2008–2010) and $11.99 (starting in 2011); certain categories of drugs had different price-points (*e.g.*, antibiotics and women's health drugs); in certain states, the standard 90-day-quantity price was higher than $9.99 (November 2008–2010) and $11.99 (starting in 2011); several hundred generic drugs were included on the HSP formulary, although drugs were added and removed over the course of the program; and HSP benefits were redeemable only at CVS pharmacies.  Defendants deny the allegations in the third sentence, insofar as it asserts CVS pharmacies charged HSP members receiving less than a 90-day quantity a prorated amount of HSP's fixed minimum price. Defendants deny all other allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants admit that CVS Pharmacy did not believe the HSP Program price was its U&C price.  Defendants deny all other allegations in Paragraph 75, including any implication that the description of "usual and customary" in the Paragraph is accurate.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants deny the allegations in Paragraph 77.  In addition, to the extent Paragraph 77 purports to quote or paraphrase documents, no response is required because the documents speak for themselves.

78.     Defendants admit that CVS Pharmacy did not submit HSP Program or VPS Card prices as its U&C prices.  Defendants deny all other allegations in Paragraph 78, including any insinuation that it should have reported the HSP Program or VPS Card prices as usual and customary.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.  In addition, to the extent Paragraph 80 purports to quote or paraphrase documents, no response is required because the documents speak for themselves.

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants admit that Medical Security Card Company, LLC is known as "ScriptSave," and that company has experience in operating prescription savings cards. Defendants otherwise deny the allegations in Paragraph 84.  In addition, to the extent the Paragraph purports to quote or paraphrase documents, no response is required because the documents speak for themselves.

85.     Paragraph 85 purports to quote or paraphrase documents; therefore, no response is required because the documents speak for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.    Paragraph 86 purports to quote or paraphrase documents; therefore, no response is required because the documents speak for themselves.  To the extent a response is required, Defendants deny the allegations in the Paragraph, except CVS Pharmacy admits it has in the past received pitch materials prepared by ScriptSave.

87.    Defendants deny the allegations in Paragraph 87.  In addition, to the extent Paragraph 87 purports to quote or paraphrase documents, no response is required because the documents speak for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88.    Defendants deny the allegations in Paragraph 88.  In addition, to the extent Paragraph 88 purports to quote or paraphrase documents, no response is required because the documents speak for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89.    Paragraph 89 purports to quote or paraphrase documents; therefore, no response is required because the documents speak for themselves.

90.    Defendants admit that ScriptSave was selected to administer the HSP program beginning July 2013, but deny that Paragraph 90 accurately identifies the reason ScriptSave was selected.  Defendants otherwise deny the allegations in the Paragraph.  In addition, to the extent Paragraph 90 purports to quote or paragraph documents, no response is required because the documents speak for themselves.

91.    Defendants deny the allegations in Paragraph 91, although they admit that Tom Gibbons had some knowledge and interaction with ScriptSave.

92.    Defendants deny the allegations in Paragraph 92.  In addition, to the extent Paragraph 92 purports to quote or paraphrase documents, no response is required because the documents speak for themselves.

93.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 93.  In addition, to the extent the Paragraph purports to quote or paraphrase documents, no response is required because the documents speak for themselves.

94.    Paragraph 94 purports to quote or paraphrase documents; therefore, no response is required because the documents speak for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95.    Defendants deny all allegations in Paragraph 95, except it admits the HSP program ended on February 1, 2016.

96.    Defendants deny all allegations in Paragraph 96, except they admit individuals who were existing members of the HSP program at the time that program ended had the option of participating in ScriptSave's VPS Card program.

97.    Defendants deny the allegations in Paragraph 97.

98.    Defendants admit that CVS Pharmacy did not submit HSP Program or VPS Card prices as its U&C prices.  Defendants deny all other allegations in Paragraph 98.

99.    Defendants deny the allegations in the first and last sentences in Paragraph 99. The allegations in sentences two and three in the Paragraph purport to quote or paraphrase documents; therefore, no response is required to those sentences because the documents speak for themselves.

100.    Defendants deny the allegations in Paragraph 100..

101.    Defendants lack sufficient knowledge to admit or deny whether Plaintiffs paid the negotiated price for millions of transactions.  Defendants otherwise deny the allegations in Paragraph 101.

102.    Defendants lack knowledge sufficient to admit or deny the allegations made in, or through, Paragraph 102 and Exhibit 1, but they deny CVS Pharmacy "overcharged Plaintiffs." Defendants otherwise deny any allegations in Paragraph 102 and/or Exhibit 1 to the Complaint.

103.    Defendants deny the allegations in Paragraph 103.

104.    Paragraph 104 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 104.

105.    Defendants lack knowledge sufficient to admit or deny the allegations in the first sentence of Paragraph 105, which are vague and ambiguous ("proactively advertise").  In addition, to the extent the second sentence of Paragraph 105 purports to quote or paraphrase documents, no response is required because the documents speak for themselves.

106.    Defendants deny the allegations in Paragraph 106.  In addition, to the extent Paragraph 106 purports to quote or paraphrase documents, no response is required because the documents speak for themselves.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109, except Defendants lack sufficient knowledge to admit or deny the allegation about "price lists."  Paragraph 109 is ambiguous and provides no context for the use of the phrase.

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.  In addition, to the extent Paragraph 113 purports to quote or paraphrase documents, no response is required because the documents speak for themselves.

114.    Defendants deny the allegations in Paragraph 114.

115.    Paragraph 115 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

116.    Defendants incorporate by reference their responses to Paragraphs 1 through 115 above.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants deny the allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants deny the allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123, although Defendants admit that CVS Pharmacy repeatedly stated (both internally and publicly) its view that membership program prices are not U&C prices.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125.

126.    Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants incorporate by reference their responses to Paragraphs 1 through 115 above.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants deny the allegations in Paragraph 132.  In addition, the first sentence of Paragraph 132 asserts a legal conclusion to which no response is required.

133.    Defendants deny the allegations in Paragraph 133, although Defendants admit that CVS Pharmacy repeatedly stated (both internally and publicly) its view that membership program prices are not U&C prices.

134.    Defendants deny the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140.

141.    Defendants incorporate by reference their responses to Paragraphs 1 through 115 above.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145, although they admit that CVS Pharmacy controls its cash price (and thus its U&C price) and can unilaterally raise or lower that price.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151.

152.    Defendants incorporate by reference their responses to Paragraphs 1 through 115 above.

153.    Paragraph 153 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

154.    Defendants deny the allegations in Paragraph 154.

155.    Defendants deny the allegations in Paragraph 155.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

163.    Defendants incorporate by reference their responses to Paragraphs 1 through 115 above.

164.    Defendants deny the allegations in Paragraph 164

165.    Defendants deny the allegations in Paragraph 165

166.    Paragraph 166 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in the Paragraph.

167.    Paragraph 167 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in the Paragraph.

168.    Paragraph 168 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

169.    Defendants incorporate by reference their responses to Paragraphs 1 through 115 above.

170.    Paragraph 170 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

171.    Paragraph 171 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

172.    Paragraph 172 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

173.    Paragraph 173 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

174.    Defendants deny the allegations in Paragraph 174.

175.    Defendants deny the allegations in Paragraph 175.

176.    Defendants deny the allegations in Paragraph 176.

177.     Defendants deny the allegations in Paragraph 177.

178.     Defendants deny the allegations in Paragraph 178.

179.     Defendants deny the allegations in Paragraph 179.

180.     Defendants deny the allegations in Paragraph 180.

181.     Defendants deny the allegations in Paragraph 181.

182.     Defendants deny the allegations in Paragraph 182.

183.     Defendants deny the allegations in the first sentence of Paragraph 183.  The second sentence asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the second sentence in the Paragraph.

184.     Defendants admit only that the Florida Blue Plaintiffs seek a declaratory judgment pursuant to Fla. Stat. § 501.211, and deny any and all remaining allegations in Paragraph 184.  For the avoidance of doubt, Defendants deny that Plaintiffs have a viable claim or are entitled to relief.

185.     Defendants admit only that the Florida Blue Plaintiffs seek injunctive relief, pursuant to Fla. Stat. § 501.211, and deny any and all remaining allegations in Paragraph 185. For the avoidance of doubt, Defendants deny that Plaintiffs have a viable claim or are entitled to relief.

186.     Defendants incorporate by reference their responses to Paragraphs 1 through 115 above.

187.     Paragraph 187 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

188.     Paragraph 188 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

189.    Paragraph 189 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

190.    Paragraph 190 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

191.    The first sentence of Paragraph 191 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in that sentence.  Defendants also deny all other allegations in Paragraph 191.

192.    Defendants deny the allegations in Paragraph 192.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

195.    Paragraph 195 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

196.    Defendants admit only that the BCBS of Minnesota Plaintiffs seek injunctive relief pursuant to Minn. Stat. § 325D.15, and deny any and all remaining allegations in Paragraph 196.  For the avoidance of doubt, Defendants deny that Plaintiffs have a viable claim or are entitled to relief.

197.    Defendants deny the allegations in Paragraph 197.

198.    Defendants incorporate by reference their responses to Paragraphs 1 through 115 above.

199.    Paragraph 199 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

200.    Paragraph 200 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

201.    Paragraph 201 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

202.    Defendants deny the allegations in Paragraph 202.

203.    Defendants deny the allegations in Paragraph 203.

204.    Defendants deny the allegations in Paragraph 204.

205.    Defendants deny the allegations in Paragraph 205.

206.    Defendants deny the allegations in Paragraph 206.

207.    Defendants deny the allegations in Paragraph 207.

208.    Defendants deny the allegations in Paragraph 208.

209.    Defendants deny the allegations in Paragraph 209.

210.    Defendants deny the allegations in Paragraph 210.

211.    Defendants deny the allegations in Paragraph 211.

212.    Defendants admit only that the BCBS of Minnesota Plaintiffs seek injunctive relief pursuant to Minn. Stat. § 325D.45, and deny any and all remaining allegations in Paragraph 212.  For the avoidance of doubt, Defendants deny that Plaintiffs have a viable claim or are entitled to relief.

213.    Defendants deny the allegations in the first sentence of Paragraph 213.  Regarding the second sentence of Paragraph 213, Defendants admit only that the BCBS of Minnesota Plaintiffs seek attorneys' fees and costs of suit pursuant to Minn. Stat. § 325D.45, and deny any and all remaining allegations in Paragraph 213.  For the avoidance of doubt, Defendants deny that Plaintiffs have a viable claim or are entitled to relief.

214.    Defendants deny the allegations in Paragraph 214.

215.     Defendants incorporate by reference their responses to Paragraphs 1 through 115 above.

216.     Paragraph 216 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

217.     Paragraph 217 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

218.     Paragraph 218 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

219.     Defendants deny the allegations in Paragraph 219.

220.     Defendants deny the allegations in Paragraph 220.

221.     Defendants deny the allegations in Paragraph 221.

222.     Defendants deny the allegations in Paragraph 222.

223.     Defendants deny the allegations in Paragraph 223.

224.     Defendants deny the allegations in Paragraph 224.

225.     Defendants deny the allegations in Paragraph 225.

226.     Paragraph 226 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

227.     Defendants deny the allegations in Paragraph 227.

228.     Defendants deny the allegations in Paragraph 228.

229.     Defendants deny the allegations in Paragraph 229.

230.     Paragraph 230 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

231.    Paragraph 231 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

232.    Defendants incorporate by reference their responses to Paragraphs 1 through 115 above.

233.    Paragraph 233 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

234.    Paragraph 234 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

235.    Paragraph 235 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the Paragraph.

236.    Defendants deny the allegations in Paragraph 236.

237.    Defendants deny the allegations in Paragraph 237

238.    Defendants deny the allegations in Paragraph 238.

239.    Defendants deny the allegations in Paragraph 239.

240.    Defendants deny the allegations in Paragraph 240.

241.    Defendants deny the allegations in Paragraph 241.

242.    Defendants deny the allegations in Paragraph 242.

243.    Defendants deny the allegations in Paragraph 243.

244.    Defendants deny the allegations in Paragraph 244.

245.    Defendants deny the allegations in Paragraph 245.

246.    Defendants deny the allegations in Paragraph 246.

247.    Defendants admit only that BCBS of North Dakota seeks actual damages pursuant to N.D. Cent. Code § 51-15-09, and deny any and all remaining allegations in

Paragraph 247.  For the avoidance of doubt, Defendants deny that Plaintiffs have a viable claim or are entitled to relief.

248.    Defendants deny the allegations in the first sentence of Paragraph 248.  Regarding the second sentence, Defendants admit only that BCBS of North Dakota seeks to recover three times the actual damages, together with costs, disbursements, and actual reasonable attorneys' fees pursuant to N.D. Cent. Code § 51-15-09, and deny any and all remaining allegations in Paragraph 248.  For the avoidance of doubt, Defendants deny that Plaintiffs have a viable claim or are entitled to relief.

## DEFENSES

As additional defenses to Plaintiffs' Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs, Defendants allege as follows:

## FIRST DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every alleged cause of action therein fail to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, by the applicable statute of limitations or statute of repose, whether by operation of a borrowing statute or otherwise.

## THIRD DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

## FOURTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, because CVS Pharmacy's reported U&C prices were not inaccurate, misleading, deceptive, unfair, unconscionable, or the like, nor did the controlling contracts require CVS Pharmacy to report the HSP Program or VPS Card prices as its U&C prices.

## FIFTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, because Plaintiffs did not rely, reasonably or otherwise, on any alleged misrepresentation, omission, deceptive act, unfair act, unconscionable act, or the like by Defendants.

## SIXTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, because Plaintiffs have not suffered injury in fact.

## SEVENTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every cause of action therein are barred, in whole or in part, because any alleged losses or harms sustained by Plaintiffs, resulted from causes other than the alleged acts and omissions by Defendants, including by the acts of third parties or intervening or superseding causes.

## EIGHTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every cause of action therein are barred, in whole or in part, by Plaintiffs' contributory negligence and/or

comparative negligence.

## NINTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every cause of action alleged therein are barred, in whole or in part, for Plaintiffs' failure to mitigate damages.

## TENTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, by the "voluntary payment" doctrine insofar as Plaintiffs continued paying for prescriptions from CVS pharmacies after they knew or reasonably should have known of the alleged basis for their claims.

## ELEVENTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every cause of action alleged therein are barred, in whole or in part, because the alleged damages, if any, are too remote and/or speculative to allow recovery.

## TWELFTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every cause of action therein are barred, in whole or in part, by the Economic Loss Doctrine and/or the principle that claims based in contract cannot be recast as claims based in tort or as violations of statutes.

## THIRTEENTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every cause of action therein are barred, in whole or in part, insofar as they seek to impose retroactive liability upon Defendants for acts that were previously permitted, authorized, and/or required by

law.

## FOURTEENTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every alleged cause of action therein are preempted by federal law, including but not limited to the Health Insurance Portability and Accountability Act, insofar as Defendant could not have simultaneously complied with federal law and acted as Plaintiffs claim Defendants should have acted (i.e., by reporting the HSP program or VPSC price as its U&C price in NCPDP Field 426-DQ).

## FIFTEENTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every alleged cause of action therein are preempted, in whole or in part, by the Employee Retirement Income Security Act ("ERISA").

## SIXTEENTH DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiffs lack standing to bring their claims, in whole or in part.

## SEVENTEENTH DEFENSE

As a separate and distinct defense, Defendants allege that Plaintiffs are not entitled to equitable relief (including declaratory and injunctive relief) insofar as (1) they have adequate remedies at law or (2) the bases for the asserted claims have discontinued, ceased, and are not likely to recur.

## EIGHTEENTH DEFENSE

As a separate and distinct defense, Defendants allege that to the extent Plaintiffs seek civil or statutory penalties, such penalties violate the Excessive Fines Clause recited in and/or incorporated into the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution

or the analogous state constitutional provisions.

### NINETEENTH DEFENSE

As a separate and distinct defense, Defendants allege that Plaintiffs have failed to allege sufficient facts to support a claim for attorneys' fees or costs.

### TWENTIETH DEFENSE

As a separate and distinct defense, Defendants allege that Plaintiffs' claims fail insofar as they are based upon alleged overpayments of de minimis amounts, as the rule prohibiting recovery for de minimis injuries bars such claims.

### TWENTY FIRST DEFENSE

As a separate and distinct defense, Defendants allege that all claims against Defendant CVS Health Corporation should be dismissed because CVS Health Corporation has had no involvement in operating retail pharmacies and, thus, any of the conduct alleged by Plaintiffs.

### TWENTY SECOND DEFENSE

As a separate and distinct defense, Defendants allege that Plaintiffs' claims fail insofar as they represent a form of pharmacy audit, claim reprocessing, recoupment and/or retroactive denial or adjustment of previously-paid claims, in violation of statutes or regulations restricting the time in which a third-party payor or PBM may perform an audit, reprocessing, etc. *See*, *e.g.*, Fla. Stat. § 465.1885; Minn. Stat. § 62W.09; N.C. Gen. Stat. § 90-85.50; N.D. Cent. Code § 19.03.6-02.

### TWENTY THIRD DEFENSE

As a separate and distinct defense, Defendants allege that Plaintiffs' claims fail, in whole or in part, insofar as they are subject to or otherwise within the scope of an alternative dispute resolution provision, such as a mandatory arbitration provision.

## ADDITIONAL DEFENSES

Defendants do not presently know all facts respecting the allegations by, and conduct of, Plaintiffs sufficient to state all affirmative defenses at this time. Accordingly, Defendants reserve the right to amend this Answer or otherwise assert additional affirmative defenses should it later discover facts demonstrating the existence of additional affirmative defenses and hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case.[1]

## DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, Defendants CVS Pharmacy, Inc. and CVS Health Corporation pray as follows:

1.    That this action be dismissed with prejudice and that Plaintiffs take nothing by their Complaint;

2.    That judgment be entered in favor of Defendants and against Plaintiffs regarding all causes of action;

3.    That the Court award Defendants reasonable costs and expenses including, but not limited to, attorneys' fees and costs of suit; and

4.    That the Court award such other relief as may be appropriate.

## JURY TRIAL REQUESTED

Defendants, by counsel, demand a trial by jury on all issues so triable.

---

[1] Not every defense enumerated above is an "affirmative defense."

DATED:  Aug. 4, 2021                    Respectfully submitted,


                                By:    /s/ Grant A. Geyerman
                                       Enu Mainigi (*Pro Hac Vice*)
                                       Craig D. Singer (*Pro Hac Vice*)
                                       Grant A. Geyerman (*Pro Hac Vice*)
                                       Colleen McNamara (*Pro Hac Vice*)
                                       WILLIAMS & CONNOLLY LLP
                                       725 Twelfth St., N.W.
                                       Washington, DC 20005
                                       Telephone:  (202) 434-5000
                                       Facsimile:  (202) 434-5029
                                       emainigi@wc.com
                                       ggeyerman@wc.com
                                       cmcnamara@wc.com


                                       Robert C. Corrente
                                       WHELAN, CORRENTE &FLANDERS LLP
                                       100 Westminster Street, Suite 710
                                       Providence, RI 02903
                                       Telephone:  (401) 270-4500
                                       Facsimile:  (401) 270-3760
                                       rcorrente@whelancorrente.com


                                       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on Aug. 4, 2021, I caused **CVS HEALTH CORPORATION and CVS PHARMACY, INC.'S ANSWER TO COMPLAINT** to be served on the following via email:

| | |
|---|---|
| Christian R. Jenner (#7731)<br>Paul M. Kessimian (#7127)<br>Phoebe A. Roth (#10078)<br>PARTRIDGE SNOW & HAHN LLP<br>40 Westminster Street, Suite 1100<br>Providence, RI 02903<br>cjenner@psh.com<br>pkessimian@psh.com<br>proth@psh.com | Robert B. Gilmore (admitted pro hac vice)<br>Jed Wulfekotte (admitted pro hac vice)<br>Michael A. Petrino (admitted pro hac vice)<br>Shawna Bray (admitted pro hac vice)<br>STEIN MITCHELL BEATO & MISSNER LLP<br>901 15th Street, N.W., Suite 700<br>Washington, D.C. 20005<br>rgilmore@steinmitchell.com<br>jwulfekotte@steinmitchell.com<br>mpetrino@steinmitchell.com<br>sbray@steinmitchell.com |

DATED:  August 4, 2021

By: /s/  *Andrew C. Watts*
Andrew C. Watts

35