LAW OFFICES
## WILLIAMS & CONNOLLY LLP®

GRANT A. GEYERMAN
(202) 434-5833
ggeyerman@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 27, 2022

**VIA ECF FILING**

Hon. William E. Smith
United States District Court for the District of Rhode Island
Federal Building and Courthouse
One Exchange Terrace
Providence, RI 02903

    Re:    ***Blue Cross and Blue Shield of Alabama, et al. v. CVS Health Corp., et al.*, No. 1:20-cv-00236 (D.R.I.)**

Dear Judge Smith:

    We represent CVS Pharmacy, Inc. and CVS Health Corporation ("CVS") in the above-captioned matter. We write in response to the May 24, 2022 letter submitted by Plaintiffs Blue Cross and Blue Shield of Florida, Inc. and Health Options, Inc. (together, "Florida Blue") concerning the United States Supreme Court's recent decision in *Morgan v. Sundance, Inc.*, No. 21-328 (Slip Op. May 23, 2022). Although Florida Blue's letter says otherwise, the *Morgan* case fully supports the relief CVS is seeking in its Motion to Dismiss in Favor of Arbitration (ECF No. 58).

    In *Morgan*, the Supreme Court considered the standard for determining whether or not a litigant waived the right to arbitrate through litigation conduct, and specifically whether prejudice to the party resisting arbitration is necessary to finding waiver. On that narrow question, the Court held that prejudice is not a requirement.

    More pertinent to CVS's Motion, however, is the Court's use in the arbitration context of the standard definition of waiver: "the *intentional* relinquishment or abandonment of a *known* right." *Morgan*, No. 21-328, at \*5 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993) (emphasis added)). The Court emphasized that the "waiver of a contractual right," such as the right to arbitrate, should be analyzed the same as the waiver of "any other" right. *Id*. In multiple contexts, the First Circuit has long employed this same definition of waiver, explaining that "[w]aiver implies knowledge and is not applicable to one who has acted without full knowledge of all the facts. The party relying on waiver assumes the burden of proof as to the knowledge of the party making the waiver." *Panther Rubber Mfg. Co. v. Comm'r*, 45 F.2d 314, 316 (1st Cir. 1930); *see also Smart v. Gillette Co. Long-Term Disability Plan*, 70 F.3d 173, 182 & n.5 (1st Cir.

WILLIAMS & CONNOLLY LLP
Honorable William E. Smith
May 27, 2022
Page 2

1995) ("The inquiry into waiver consists of two questions: whether a party actually knew she was relinquishing a benefit, and whether she acted voluntarily in doing so."); *United States. v. Millan-Isaac*, 749 F.3d 57, 63 (1st Cir. 2014) (finding no waiver because "waiver requires the 'intentional relinquishment of a known right,' not a mere failure to object") (quoting *United States. v. Torres–Rosario*, 658 F.3d 110, 115–16 (1st Cir. 2011)).  In the specific context of waiving one's right to arbitrate, other circuits have stated expressly that a party must *actually know* of its right to arbitrate before its actions in litigation can count toward waiving that right.  Mot., ECF No. 58-1, 13 n.8 (citing 5th & 6th Circuit cases).

This requirement of actual knowledge is dispositive here because CVS did not learn of the decades-old contract containing the parties' arbitration clause until December 9, 2021, just six weeks before CVS notified Florida Blue of its intent to arbitrate.  It was understandable that CVS did not know of the arbitration clause because the contract terminated ten years earlier, Florida Blue did not identify the contract in its complaint, and, on the contrary, the complaint alleged that Florida Blue contracted with an intermediary (a pharmacy benefit manager), not with CVS itself.  Because CVS did not learn of its right to arbitrate until December 9, 2021, CVS's actions in this litigation before that date could not manifest an "*intentional* relinquishment or abandonment of a *known* right."  *Morgan*, No. 21-328, at *5 (quoting *Olano*, 507 U.S. at 733 (emphasis added)).  For this reason alone, CVS did not waive its right to arbitrate, as *Morgan* makes clear.

Even applying the First Circuit's arbitration-specific multi-factor test (minus the prejudice factor, given *Morgan*), this Court should still grant CVS's Motion.  As CVS's Motion explained, each of those factors weighs against a finding of waiver.  Mot., ECF No. 58-1, 11-15 (analyzing factors).[1]  That CVS has not waived its right to arbitrate under these factors is especially apparent considering that "reasonable doubts as to whether a party has waived the right to arbitrate should be resolved in favor of arbitration." *Tyco Int'l v. Swartz (In re Tyco Int'l Sec. Litig.)*, 422 F.3d 41, 44 (1st Cir. 2005).

Separately, *Morgan* supports CVS's position that it is federal law, not state law, that supplies the relevant waiver rule in federal litigation over a contract affecting interstate commerce.  While Florida Blue argues that Florida waiver law applies, *Morgan* explained that "[t]he Courts of Appeals ... have generally resolved cases like this one as a matter of federal law, using the terminology of waiver." *Morgan*, No. 21-328, at *4.  The Court ultimately "assume[d]" without deciding that the Courts of Appeals have been correct in applying federal

---

[1] The factors (other than prejudice) are:  "(1) whether the parties participated in a lawsuit or took other action inconsistent with arbitration; (2) whether the litigation machinery has been substantially invoked and the parties [are] well into preparation of a lawsuit by the time an intention to arbitrate [is] communicated; (3) whether there has been a long delay and trial is near at hand; (4) whether the party seeking to compel arbitration has invoked the jurisdiction of the court by filing a counterclaim; (5) whether discovery not available in arbitration has occurred." *FPE Found. v. Cohen*, 801 F.3d 25, 29 (1st Cir. 2015) (internal quotation marks omitted).

WILLIAMS & CONNOLLY LLP
Honorable William E. Smith
May 27, 2022
Page 3

law.  *Id.*  That assumption, however, was necessary to the Court's holding, which speaks only to federal waiver law.

      CVS respectfully asks this Court to consider the Supreme Court's decision in *Morgan* and grant CVS's Motion to Dismiss in Favor or Arbitration.

      Sincerely,

      /s/ Grant A. Geyerman
      Grant A. Geyerman